UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TERRY HOLCOMBE,                                    :
                                                   :
               Plaintiff,                    :   **REPORT AND**
                                                   :   **RECOMMENDATION**
   -against-                                     :
                                                   :   14-CV-1448 (PAC) (JLC)
CORRECTION CAPT. SKUPIEN, *et al.*,                :
                                                   :
            Defendants.                      :
-----------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

**To the Honorable Paul A. Crotty, United States District Judge:**

Defendants in this § 1983 action move to dismiss with prejudice *pro se* plaintiff

Terry Holcombe's action for failure to prosecute pursuant to Rule 41(b) of the Federal

Rules of Civil Procedure. For the reasons set forth below, I recommend that the Court

grant defendants' motion, except that Holcombe's case be dismissed without prejudice.

## I.    BACKGROUND

Holcombe, using the Court's form complaint for cases brought under 42 U.S.C.

§ 1983, initiated this action on February 28, 2014, alleging that his constitutional rights

were violated as a result of being designated a member of the "Security Risk Group"

while incarcerated at the Eric M. Taylor Center at Rikers Island. Compl., ¶¶ 1-4 (Dkt.

No. 2). Holcombe alleges that he first learned of his "Security Risk Group" designation

on February 14, 2014, when he was subject to a search for prisoners within the

"Security Risk Group" only. *Id.* at ¶ 1.

On March 24, 2014, Judge Crotty referred this case to me for general pretrial

supervision and for a report and recommendation on any dispositive motions. (Dkt.

USDC SDNY
DATE SCANNED 12/5/14

No. 6). Following the filing of defendants' answer, the Court held an initial pre-trial conference on June 17, 2014, at which Holcombe appeared via telephone because he was incarcerated. (Dkt. Nos. 11, 13). At this conference, Holcombe reported that he might be released prior to October 30, 2014, when the Court intended to hold a post-discovery status conference. Accordingly, the Court ordered that, if Holcombe was released from custody before October 30, he would be required to attend the status conference in person. (Dkt. No. 13).

Due to a conflict in the Court's calendar, the October 30, 2014 conference was rescheduled to October 31. (Dkt. No. 14). The Court mailed the rescheduling order to Holcombe at the Rikers Island address on file with the Court; however, the order, dated September 23, was returned as undeliverable. Defendants' counsel then provided the Court with Holcombe's last known address as maintained by the New York City Department of Correction ("NYC DOC") (Dkt. No. 15), and the Court mailed copies of its June 17 order scheduling the October 30 conference (Dkt. No. 13) as well as its September 23 rescheduling order (Dkt. No. 14) to that address. After Holcombe did not appear at the October 31 status conference, the Court issued an order adjourning the conference to November 14, 2014 and warned Holcombe that if he failed to appear a second time, the Court would recommend that his case be dismissed for failure to prosecute. (Dkt. No. 16).

The order scheduling the November 14 conference was also returned to the Court as undeliverable to Holcombe. The Court then adjourned the conference *sine die* and invited defendants to move to dismiss the case for failure to prosecute. (Dkt. No. 17). Thereafter, in reviewing the record, the Court discovered a typographical error in the

address it had used for Holcombe to transmit the order scheduling the November 14 conference.[1]  Accordingly, the Court issued another order dated November 21, 2014 to the correct address and rescheduled the conference for December 2, 2014.  (Dkt. No 19). In this November 21 order, which has not been returned to the Court, the Court explicitly warned Holcombe that his failure to appear would result in a recommendation that his case be dismissed for failure to prosecute.  On December 2, Holcombe again failed to appear, and the Court adjourned the conference after waiting for Holcombe for more than 30 minutes.

Before the December 2 conference, by letter motion dated November 19, 2014, defendants moved to dismiss Holcombe's case for failure to prosecute pursuant to Rule 41(b).  (Dkt. No. 18).  Holcombe has not filed any response in opposition to the motion.

## II.    DISCUSSION

### A.    Legal Standard

A plaintiff has the duty to diligently advance his case, and if he fails to do so, a court may dismiss the action under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See Hardaway v. Agyemong*, 572 F. App'x 11, 12 (2d Cir. 2014); *United States ex rel. Pervez v. Maimonides Med. Ctr.*, 415 F. App'x 316, 317 (2d Cir. 2011) (citing *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)).  Pursuant to Rule 41(b), a court may dismiss an action where the plaintiff "fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order."  While a court generally must be solicitous of *pro se* litigants, particularly with respect to procedural issues, *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996), even unrepresented plaintiffs

---

[1] The Court typed "404 McDonald Avenue" rather than "2404 McDonald Avenue."

3

must comply with court orders and diligently prosecute their cases; their failure to do so may constitute grounds for dismissal. *See Yadav v. Brookhaven National Laboratory*, 487 F. App'x 671, 672 (2d Cir. 2012); *LeSane v. Hall's Sec. Analyst Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). A *pro se* plaintiff's failure to maintain an accurate address with the court may also be grounds for dismissal. *See, e.g.*, *Middleton v. United States*, No. 10-CV-6057 (JFB) (ETB), 2011 WL 7164452, at *5-7 (E.D.N.Y. June 28, 2011) (dismissing case for failure to appear at court conferences and to update address), *adopted by*, 2012 WL 394559 (E.D.N.Y. Feb. 7, 2012).

When considering whether to dismiss a complaint pursuant to Rule 41(b), a court must weigh five factors:

> (1) the duration of the plaintiff's failure to comply with the court order,
> (2) whether plaintiff was on notice that failure to comply would result in dismissal,
> (3) whether the defendants are likely to be prejudiced by further delay in the proceedings,
> (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and
> (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (quoting *Lucas*, 84 F.3d at 535). However, no single factor is dispositive, and the Court should consider all the facts and circumstances of the case. *Id.*; *accord U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Weighing these factors together, the Court finds that Holcombe's case should be dismissed without prejudice for his failure to prosecute.

## B.   Holcombe Has Failed to Prosecute His Case

First, Holcombe has not met his obligation to update his address since September 9, 2014 when he was released from custody—nearly three months ago.

4

While courts have observed that there is "no 'magic number'" for the length of non-compliance, *Antonios A. Alevizopoulos & Associates, Inc. v. Comcast Int'l Holdings, Inc.*, No. 99-CV-9311 (SAS), 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000) (quoting *Copeland v. Rosen*, 194 F.R.D. 127, 132 (S.D.N.Y. 2000)), courts have deemed delays of three months and less sufficient to warrant dismissal, *see, e.g.*, *Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671, 672-73 (2d Cir. 2012) (three months); *Love v. Amerigroup Corp.*, No. 09-CV-4233 (ILG), 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) (between three and five months); *Dong v. United States*, No. 02-CV-7751 (SAS), 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) (two months); *Antonios*, 2000 WL 1677984, at *2 ("nearly" four months). Here, defendants advised the Court that the NYC DOC's records reflect that Holcombe was released from custody on September 9, 2014, and that, as of the date of their letter, he was not back in New York State or New York City custody. (Dkt. No. 18). When Holcombe was released from Rikers Island on September 9, his obligation to update his address with the Court arose, but he has failed to do so. *See, e.g.*, *Brown v. Smith*, No. 13-CV-4694 (AT), 2014 WL 5040908, at *2 (S.D.N.Y. Sept. 30, 2014) (dismissing case where plaintiff failed to update address); *Edwards v. Stevens*, No. 11-CV-7329 (PKC) (JLC), 2012 WL 3597663, at *2 (S.D.N.Y. 2012) (same); *Grace v. New York*, No. 10-CV-3853 (LTS) (GWG), 2010 WL 3489574 (S.D.N.Y. Sept. 7, 2010), *adopted by*, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010) (same). Holcombe also disregarded the Court's orders by failing to appear at status conferences on October 31 and December 2, 2014. Furthermore, Holcombe has not had any contact with counsel for defendants to discuss, *inter alia*, his discovery obligations during this time, and the discovery period has since expired. (Dkt. No. 18, at 2).

Second, Holcombe had notice that his failure to appear at court-ordered conferences and update his address could result in dismissal of his case by virtue of both the Court's November 21 order (Dkt. No. 19), and defendants' letter motion seeking dismissal of this case (Dkt. No. 18). *See, e.g., Virola v. Entire GRVC Dep't of Mental Health Hygiene Servs.*, No. 12-CV-1005 (ER), 2014 WL 793082, at *3 (S.D.N.Y. Feb. 21, 2014) (defendants' motion papers and court's order deemed sufficient notice); *George v. City of New York*, No. 12-CV-6365 (PKC) (JLC), 2013 WL 5943206, at *4 (S.D.N.Y. Nov. 6, 2013) (single court order deemed "meaningful, non-technical notice").[2]

Third, defendants contend that they will be prejudiced by further delay which would "require[e] them to continue to defend this action without the benefit of Plaintiff's participation." (Dkt. No. 18, at 3). Although the period for discovery expired on October 17, 2014, defendants explain that Holcombe "has failed to contact counsel for Defendants regarding the scheduling of his deposition, and [Holcombe] has yet to participate in any discovery." *Id.* In similar circumstances, courts have found that this factor weighs in favor of dismissal. *See, e.g., Vazquez v. Davis*, No. 12-CV-7630 (ER), 2014 WL 5089457, at *5 (S.D.N.Y. Sept. 19, 2014) (finding prejudice where plaintiff had not provided discovery and period for discovery had expired).

Fourth, balancing the effect of calendar congestion against Holcombe's due process rights also weighs in favor of dismissal. Generally, "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court." *Lucas*, 84 F.3d at 535-36. While

---

[2] The Court will assume for present purposes that Holcombe has received its orders and the correspondence from defendants sent to him at the address on file with the NYC DOC because they have not been returned as undeliverable.

Holcombe's delinquency has not been lengthy relative to some other cases, "[c]ourts in this district have held that calendar congestion outweighed plaintiffs' opportunity to be heard when the plaintiff has rebuffed opportunities to be heard and failed to attend judicial conferences." *St. Prix v. Sirus XM Satellite Radio*, No. 11-CV-1506 (CM) (KNF), 2014 WL 405812, at *4 (S.D.N.Y. Jan. 29, 2014) (citations omitted). Here, Holcombe has been completely out of communication with the Court and defendants' counsel. While, during that time, the Court attempted to reach him at another address, "[i]t is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Hibbert*, 2000 WL 977683, at *3.

Fifth and finally, dismissal without prejudice is the appropriate remedy. Defendants seek a dismissal of Holcombe's case *with* prejudice; however, it is a "harsh remedy" that the Court will apply "only in extreme situations" not presented here. *See U.S. ex rel. Drake*, 375 F.3d at 254 (citation omitted). Nonetheless, no lesser sanction than dismissal without prejudice would be appropriate because while the Court and defendants have been using the address maintained by the NYC DOC to communicate with Holcombe, Holcombe's failure to confirm this address with the Court deprives the Court of any assurance that its past orders (or any future orders) are, in fact, reaching him.[3] Should Holcombe decide to re-file this case, he appears to be well within the three-year statute of limitations for § 1983 claims given that the incident forming the basis of his complaint occurred in February 2014. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009) (Section 1983 claims have three-year limitations period).

---

[3] Moreover, given that Holcombe is proceeding *in forma pauperis*, a monetary sanction would be unavailing. *See Middleton v. United States*, No. 10-CV-6057 (JFB) (ETB), 2011 WL 7164452, at *6 (E.D.N.Y. 2011).

Accordingly, dismissing Holcombe's case without prejudice "allows the Court to dispose of this case, which plaintiff has seemingly abandoned, while allowing plaintiff the opportunity to re-file the suit should he choose to do so in the future." *Coleman v. Doe*, No. 05-CV-5849 (JG), 2006 WL 2357846, at *3 (E.D.N.Y. Aug. 14, 2006); *accord Hicks v. Stermer*, No. 9:10-CV-01177 (LEK), 2011 WL 3841581, at *1 (N.D.N.Y. Aug. 24, 2011) (dismissal without prejudice where statute of limitations had not run); *see also Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (remanding to consider dismissal without prejudice in *pro se* case); *Virola*, 2014 WL 793082, at *3 (dismissal without prejudice for *pro se* plaintiff whose case had not impacted court's trial calendar); *cf. Rudder v. Jimenez*, No. 11-CV-3453 (VSB) (JLC), 2014 WL 1349047, at *6 (S.D.N.Y. Apr. 7, 2014) (dismissal without prejudice would be futile where statute of limitations had elapsed), *adopted by*, 2014 WL 2855012 (S.D.N.Y. June 23, 2014).

## III.   CONCLUSION

For all of the foregoing reasons, I recommend that defendants' motion be granted, and that Holcombe's case be dismissed without prejudice.

## PROCEDURE FOR FILING OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty and to the chambers of the undersigned, United States Courthouse, 500 Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing objections must be directed to Judge Crotty.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92 (2d Cir. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.  If Holcombe does not have access to cases cited herein that are reported on LexisNexis or Westlaw, he should request copies from counsel for defendants.  *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

Dated:New York, New York
      December 5, 2014

JAMES L. COTT
United States Magistrate Judge

**A copy of this Report and Recommendation has been mailed to the following:**

**Terry Holcombe**
2404 McDonald Avenue
Apt. 2B
Brooklyn, New York 11223