UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

TERRY HOLCOMBE,

          Plaintiff,

    v.

CORRECTION CAPT. SKUPIEN, *et al.*,

          Defendants.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2-9-15

14 Civ. 1448 (PAC)

**ORDER ADOPTING REPORT
& RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Terry Holcombe brought this § 1983 action against the City of New York and Department of Correction Captain Skupien, alleging that his constitutional rights were violated as a result of being "designated as part of a 'Security Risk Group'" while incarcerated at Rikers Island. (Dkt. No. 2, at 3). Defendants move to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.

    On December 5, 2014, Magistrate Judge James L. Cott issued a Report and Recommendation ("R&R") that the Complaint be dismissed without prejudice. As set forth in the R&R, Plaintiff was released from custody on September 9, 2014, but did not update his address with the Court. (R&R at 4). On October 31, 2014, after Plaintiff failed to appear at a status conference that day, the Court issued an order adjourning the conference to November 14, 2014, and sent a copy of the order to Plaintiff's last known address. (*Id.* at 2). The order was returned as undeliverable, and on November 19, 2014, Defendants moved for dismissal with prejudice for failure to prosecute. (*Id.* at 2-3). Subsequently, however, the Court discovered a typographical error in the address it had used to send Plaintiff the October 31 Order. (*Id.*). The

Court therefore issued another order on November 21, 2014, rescheduling the status conference for December 2, 2014. That order, which was sent to the correct address, warned Plaintiff that if he failed to appear at the December 2 conference, Magistrate Judge Cott would recommend that the case be dismissed. (*Id.* at 3). Plaintiff did not appear at the December 2 conference, contact the Court, or respond to Defendants' motion to dismiss.

In the R&R, Magistrate Judge Cott considered the five factors that the Second Circuit has set forth for determining whether to dismiss a complaint pursuant to Rule 41(b). (R&R at 4-8); *see Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). Magistrate Judge Cott recommends that, based on those factors, dismissal without prejudice is appropriate. (R&R at 8).

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court may "adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." *Feehan v. Feehan*, 2011 WL 497776, at *1 (S.D.N.Y. Feb. 10, 2011). Neither party filed objections to the R&R within the 14-day statutory period. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). The parties' failure to do so results in waiver of any objections. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985). Accordingly, the Court reviews the R&R for clear error. Finding none, the Court hereby adopts the R&R in full.

For the foregoing reasons, Defendants' motion to dismiss is GRANTED. The Complaint is dismissed without prejudice. The Clerk of Court is directed to enter judgment and close this case. Pursuant to 28 U.S.C. § 1915(a), I find that any appeal from this order would not be taken in good faith.

New York, NY
February 9, 2015

So ordered
Paul Crotty
USDJ

Copy Mailed By Chambers To:
Mail to Terry Holcombe
2404 McDonald Ave (Apt 2B)
Brooklyn, NY 11233

2